UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FALCONPOINT UNLIMITED, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN J. SENN, ESQ., an individual; SENN LAW, a professional corporation; RANDOLPH MCCONVILLE, an individual; MONA MCCONVILLE, an individual; DOES 1 through 50,<br><br>Defendants. | Case No. 14-cv-02342 NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Plaintiff Falconpoint Unlimited, LLC brings this action for fraud and breach of contract against defendants Randolph and Mona McConville, Kevin J. Senn, and Senn Law. Dkt. No. 1. The complaint asserts that this Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a). *Id.* ¶ 12. However, the complaint does not contain sufficient allegations to establish the citizenship of the parties for diversity purposes.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also*

Case No. 14-cv-02342 NC
ORDER TO SHOW CAUSE

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332. A natural person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

The complaint here alleges that Defendant Kevin J. Senn, Esq. is "an individual residing in the County of Contra Costa, California." Dkt. No. 1 ¶ 7. The complaint further alleges that defendants Randolph and Mona McConville are individuals "residing in the State of Nevada." *Id.* ¶¶ 9-10. Because the complaint only alleges the residence and not the domicile or citizenship of the individual defendants, it is insufficient to establish diversity.

Furthermore, the diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation, a partnership and an LLC are treated for purposes of diversity as citizens of every state of which their owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, if any member of a partnership or an LLC is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th

Case No. 14-cv-02342 NC
ORDER TO SHOW CAUSE            2

Cir. 2010).

The complaint here alleges that plaintiff Falconpoint is a "Delaware limited liability company with its principal place of business in Boca Raton, Florida. It is wholly-owned and managed by Woodbridge Baric." Dkt. No. 1 ¶ 5. The complaint further alleges that Woodbridge is "a Delaware limited liability company with its principal place of business in Boca Raton, Florida." *Id.* ¶ 6. The complaint fails to allege the citizenship of the members, and any sub-members, of Woodbridge.

Because the complaint does not contain sufficient allegations to establish that there is complete diversity of citizenship between plaintiff and all defendants, by July 18, 2014, plaintiff must amend its complaint to plead an adequate basis for diversity jurisdiction, or show cause in writing why this action should not be dismissed for lack of federal subject matter jurisdiction. If plaintiff is unable to allege the citizenship of all defendants without conducting discovery on this issue, plaintiff should so indicate in its response to the order to show cause.

Plaintiff must also consent or decline the jurisdiction of a magistrate judge by July 18, 2014. *See* attached consent/declination form.

IT IS SO ORDERED.

Date: June 27, 2014

Nathanael M. Cousins
United States Magistrate Judge